IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


DAVID L. SINNETT,

    Plaintiff,

vs.                                              Case No. 4:09cv454-MP/WCS

WALTER A. McNEIL, et al.,

    Defendants.

    _____/

## REPORT AND RECOMMENDATION

    This case is now before me due to several mail returns from Plaintiff over the past several months. Docs. 51, 54, 60, and 61. Earlier during this litigation (which was brought by Plaintiff as a *pro se* prisoner) there were several other mail return, *see, e.g.,* docs. 22, 27, but those had been corrected for a period of time. Plaintiff had filed many notices of change of address, docs. 14, 24, 30, and 49, and the case was able to continue. However, the last notice of address changed was filed on October 4, 2010. Doc. 40. Indeed, that has been the last document submitted by Plaintiff in this case at all. *Id.*

    Since nothing had been received from Plaintiff in nearly five months, and since the last several court orders issued had been returned as undeliverable, docs. 51 and 54, I entered on order providing a period of time for Plaintiff to indicate his intent to

proceed and have this case move forward.[1]  Doc. 59.  The deadline for Plaintiff's compliance was March 30, 2010.  *Id.*  Nothing has been received from Plaintiff.

My last order directed that if it was "again returned to the Court as undeliverable, the Clerk of Court shall immediately notify me."  *Id.*  Defendants were also directed to await filing an answer until directed to do so to be sure this case would proceed.  *Id.*  Although nothing was received from Plaintiff, a document was sent to the court from a non-party, and was mistakenly filed by the Clerk's Office.  Doc. 62.  The individual who signed the letter is not the Plaintiff, is not a party in this case, and there was no certificate of service on the document.  Thus, it should not be filed and can have no legal significance.

In light of the fact that Plaintiff has abandoned this litigation and nothing has been received by him in over six months at this point, this case should be dismissed for Plaintiff's failure to prosecute.  He was advised on numerous occasions to keep the Court informed as to his whereabouts, and has failed to do so.  The reasonable conclusion is that Plaintiff is no longer interested in pursuing this case.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with court orders.

**IN CHAMBERS** at Tallahassee, Florida, on April 25, 2011.

     s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Nearly all court orders entered in prisoner cases direct the timely filing of address changes and advise of dismissal if orders cannot reach the prisoner plaintiff.

Case No. 4:09cv454-MP/WCS

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**